UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
AQUAVITA INTERNATIONAL S.A.    :

               Plaintiff,    :

   - against -    :

FRISIAN FORTUNE SHIPPING CO. NV.    :

               Defendant.    :
------------------------------------------------X



07 CV
ECF CASE

## VERIFIED COMPLAINT

    Plaintiff, AQUAVITA INTERNATIONAL S.A. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, FRISIAN FORTUNE SHIPPING CO. NV., ("Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in England and was the time charter Owner of the M/V VERGINA ("Vessel").

    3.    Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Curacao, (Neth. Antilles), and was the Charterer of the Vessel.

    4.    By a time charter party dated October 12, 2007 ("head charter"), the Plaintiff chartered the Vessel to the Defendant for one time charter trip of 35 days WOG.

5. Simultaneously, the Plaintiff sub-chartered the Vessel to a third party under the same terms and conditions as the head charter.

6. During the course of the voyage, the Vessel encountered significant mechanical problems that resulted in loss of her rudder, causing the Vessel to be salved. The Vessel is now anchored off of Rotterdam with no prospect of completing the charter party within the allotted time.

7. The Defendant has failed to properly maintain the Vessel in proper condition and has breached its obligation to the Plaintiff pursuant to the charter party terms.

8. As a result of Defendant's breaches, the cargo aboard the Vessel has to be transshipped to its ultimate destination aboard other Vessels.

9. The cargo owner is incurring significant costs to transship the cargo and is claiming reimbursement from the Plaintiff, despite that the Defendant is liable for these losses, and other losses incurred by the Plaintiff, including demurrage and transfer fees.

10. As a result of Defendant's breaches of the charter party the Plaintiff has sustained damages in the total principal amount of $1,946,000 exclusive of interest, arbitration costs and attorney's fees.

11 The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

12. Plaintiff will soon commence arbitration in London pursuant to the charter party.

13. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $1,946,000 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $415,291.15 |
| C. | Estimated fees and costs: | $150,000.00 |
| **Total** | | **$2,511,291.15** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of $2,511,291.15.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $2,511,291.15 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: December 14, 2007
New York, NY

                          The Plaintiff,
                          AQUAVITA INTERNATIONAL S.A.

By: *[signature]*
Claurisse Campanale Orozco (CC 3581)
Lauren C. Davies (LD 1980)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Lauren C. Davies

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   December 14, 2007
         New York, NY

Lauren C. Davies